IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUBRINA LYNN BRENHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2972-B-BN |
| | § | |
| BARBARA ROSENBERG, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Subrina Lynn Brenham has filed a *pro se* complaint against
Defendant Barbara Rosenberg. *See* Dkt. No. 3. Rosenberg, a former Justice of the
Court of Appeals for the Fifth District of Texas, sat by assignment on the appellate
panel that reversed the trial court's judgment awarding Brenham damages on her
constructive eviction claim. *See Kemp v. Brenham*, No. 05-18-01377-CV, 2020 WL
205313 (Tex. App. – Dallas Jan. 14, 2020, pet. denied), *cert. denied*, 141 S. Ct. 2870,
*reh'g denied*, ___ S. Ct. ____, 2021 WL 4125126 (2021). Having exhausted her appeals,
Brenham now sues for damages under 42 U.S.C. § 1983, arguing that Justice
Rosenberg violated her civil rights by not recusing herself based on her prior
employment as an attorney for the City of Dallas. *See* Dkt. No. 3.

Brenham also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No.
4. As a result, United States District Judge Jane J. Boyle referred this lawsuit to the
undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b)
and a standing order of reference. The Court will grant Brenham leave to proceed IFP

in the district court through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss her claims with prejudice.

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if it, for example, fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted).

The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua*

*sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). *Accord Carver v. Atwood*, ___ F.4th ____, No. 21-40113, 2021 WL 5368678, at *3 (5th Cir. Nov. 18, 2021).

These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her

immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Neither "[r]ecusal" nor, by implication, the failure to recuse is "the type[] of administrative or ministerial conduct for which judicial immunity is unavailable." *Kemp ex rel. Kemp v. Perkins*, 342 F. App'x 409, 412 (5th Cir. 2009) (per curiam). *See also Aubrey v. D Magazine Partners, L.P.*, No. 3:19-cv-56-B, 2019 WL 2549458, at *3 (N.D. Tex. June 20, 2019) ("A judge's authority to recuse himself from a case when 'the judge's impartiality might be reasonably questioned' is a normal judicial function under Texas Rule of Civil Procedure 18b. … Additionally, under Rule 18b of the Texas Rules of Civil Procedure, Judge Moyé was acting within the court's jurisdiction when he voluntarily recused himself from proceedings because his 'impartiality might reasonably be questioned.' Therefore, Judge Moyé did not act in the absence of all jurisdiction when he made the controversial statement." (footnote omitted)); *id.* at *4 ("The Fifth Circuit has held that judicial immunity is available for a judge's recusal, and thus allegations of malicious or corrupt intentions behind this judicial act cannot overcome immunity. *See Kemp*, 324 F. App'x at 412. Beyond the apparent "unfairness to litigants that sometimes results" from judicial immunity when claims are based on a judicial act, "the doctrine of judicial immunity is thought to be in the best interests of the proper administration of justice." *Stump*, 435 U.S. at 363.").

Brenham's claims based on Justice Rosenberg's alleged failure to recuse from a case, a normal judicial function undertaken with jurisdiction, are therefore barred by judicial immunity.

## Recommendation

The Court should dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE